# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-679-XR |
| | § | |
| ROBERT L. CRAIG, | § | |
| | § | |
| *Defendant*. | § | |

## DEFAULT JUDGMENT

On this day, the Court considered Plaintiff's Motion for Default Judgment (Docket Entry No. 4). After consideration of the motion, record, and applicable law, the Court GRANTS Plaintiff's motion for default judgment.

## Background

Plaintiff United States of America sought damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based upon false statements and concealment of information by Defendant Robert L. Craig. In the alternative, Plaintiff sought damages for payment by mistake of fact and unjust enrichment. Craig applied to the United States Railroad Retirement Board (USRRB) for a disability annuity. He agreed to notify the USRRB if he performed any work, including self-employment, or of any event that would affect his annuity. Craig signed documents in which he acknowledged his obligation to report events that would affect his annuity and that he understood that civil and criminal penalties could be imposed for providing false statements or withholding information to misrepresent a fact.

According to Plaintiff, earnings records reflect that Craig was employed from September 1, 2003, through July 31, 2006, and received income that rendered him ineligible for USRRB

payments. Plaintiff contends that Craig received $65,011.68 in benefits to which he was not entitled.

## Procedural History

Plaintiff filed its lawsuit on August 19, 2009, for violations of the False Claims Act, a claim for unjust enrichment, and a claim for payment by mistake of fact. The summons was served on Robert L. Craig on August 25, 2009, and his answer was due on September 14, 2009. Craig did not respond. On November 23, 2009, the United States filed an application for an entry of default and sought a default judgment against Mr. Craig. On the same day, the Clerk issued an entry of default against Robert L. Craig.

## Legal Standard

Plaintiff seeks a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 55(b)(2). Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The moving party must also show the amount of damages. If the claim is for a sum certain, a default judgment may be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## Analysis

As previously noted, Plaintiff filed its complaint on August 19, 2009, to which Defendant has not responded. A summons was issued to Defendant Robert L. Craig and left at Mr. Craig's place of residence on August 25, 2009, in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(e)(2)(B). Craig defaulted and pursuant to Rule 55(a) the Clerk made an entry of default. Plaintiff has provided an affidavit in which its attorney attests that Mr. Craig is not a minor or an incompetent person, and he attests that Mr. Craig is not currently in military service as required by 50 U.S.C. app. § 521(b)(1). Plaintiff's attorney declares that Mr. Craig contacted him on September 22, 2009, but has not contacted counsel since that time. There is no indication of a good faith mistake or excusable neglect, and by failing to respond, Mr. Craig has admitted to Plaintiff's allegations of fact. Given Craig's failure to answer the complaint, the Court has the authority to accept the facts in Plaintiff's complaint as true and to award the relief sought by the United States in this action.

Plaintiff has provided the Court with an affidavit from a representative of the United States Railroad Retirement Board who calculated the amounts that the USRRB overpaid Craig. Based on the affidavit, the USRRB paid Craig $65,011.68. Pursuant to 31 U.S.C. § 3729, Craig "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . ." 31 U.S.C. § 3729. The Government is requesting the minimum civil penalty of $5,000. Based on the available values and pursuant to the statute, Craig is liable for a total of $200,0035.04. The Government also requests post-judgment interest from the date of judgment at the legal rate as provided by law, plus all costs of the court in this proceeding.

**Conclusion**

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS Plaintiff's motion for default judgment.

It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff United States of America have and recover from Defendant Robert L. Craig trebled damages in the amount of ONE HUNDRED NINETY-FIVE THOUSAND, THIRTY-FIVE AND 04/100 DOLLARS ($195,035.04).

It is further, ORDERED that Plaintiff United States of America have and recover from Defendant Robert L. Craig a civil penalty in the amount of FIVE THOUSAND AND 00/100 DOLLARS ($5,000).

It is further ORDERED, that Plaintiff is awarded post-judgment interest at a rate of 0.29%.

It is further ORDERED, that costs shall be taxed against Defendant. Plaintiff shall submit a bill of costs in the form required by the Clerk of Court and in accordance with the Local Rules for the Western District of Texas within fourteen days of this Judgment.

It is so ORDERED.

SIGNED this 14th day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE